UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.                                                            CR 13-132-01-ML

DAMON GRAHAM

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's, Damon Graham ("Defendant"), pro se

motion for leave to proceed in forma pauperis on appeal.[1]  Docket # 49.  Defendant moves to

appeal this Court's denial of his motion for release on bail.

I.  Background

On January 6, 2014, Defendant filed a motion to grant a bail hearing.  Docket # 40.  The

Government timely responded and the Court held a hearing on Defendant's motion.  The Court

granted Defendant's motion and held a bail hearing.  At the bail hearing, the Court determined

that Defendant should be detained based upon two separate theories.  First, the Court determined

that (1) the allegations against Defendant triggered the 18 U.S.C. § 3142(e) presumption that no

set of conditions would reasonably assure Defendant's appearance at trial and the safety of the

community; (2) the likelihood of conviction was great; and, (3) the combination of narcotics,

cash, and firearms seized indicated that Defendant posed a danger to the community and a flight

risk.  See January 14, 2014, Transcript at 23-26; Docket # 62.  Second, the Court also determined

that Defendant was a danger to the community and a flight risk and should be detained because

he had committed the instant offense while on supervised release for another federal narcotics

---

[1]Since Defendant has filed this motion  pro se, the Court construes Defendant's motion liberally.  United
States v. Stierhoff, Cr. No. 06-42 ML, 2011 WL 6003888 (D.R.I. November 30, 2011.)

1

conviction.  Id.

## II. Law

### A.  In Forma Pauperis

A "party who was permitted to proceed in forma pauperis in the district[]court . . . may

proceed on appeal in forma pauperis without further authorization, unless[] the district court . . .

certifies that the appeal is not taken in good faith . . . ."  Fed. R. App. P. 24(a)(3)(A).

> The good faith standard is an objective one, and an appeal is considered not taken
> in good faith if the appeal seeks review of issues that are frivolous.  An appeal is
> deemed frivolous when it is based on an indisputably meritless legal theory or
> factual allegations that are clearly baseless.

Lyons v. Wall, C.A. No. 08-498 ML, 2010 WL 5562620, at *2 (D.R.I. Nov. 30, 2010) (internal

quotation marks and citations omitted), report and recommendation adopted, C.A. No. 08-498

ML, 2011 WL 87345 (D.R.I. Jan. 10, 2011).

Defendant was found to be indigent and was therefore afforded court-appointed counsel.[2]

He therefore may proceed on appeal in forma pauperis unless this Court finds and certifies that

his appeal is not taken in good faith.  See Fed. R. App. P. 24.

### B.  18 U.S.C. § 3142

A defendant may be detained pending trial if the Government establishes (1) by clear and

convincing evidence that no condition or combination of conditions will reasonably assure the

safety of the community, or (2) by a preponderance of the evidence that no condition or

combination of conditions will reasonably assure the appearance of the Defendant.  United States

v. Jimenez-Rivera, 761 F. Supp. 2d 3 (D.P.R. 2011); see also 18 U.S.C. § 3142.  In meeting its

---

[2]Subsequent to the appointment of counsel, Defendant filed a motion to proceed  pro se.  The Court granted
Defendant's motion and appointed stand-by counsel.

burden, the Government is aided by the statutory presumption created by 18 U.S.C. § 3142(e).

Once the presumption is triggered, a defendant may rebut it by producing evidence that he is not

a flight risk or a danger to the community.  United States v. Perez-Franco, 839 F.2d 867 (1st Cir.

1988).  Although the ultimate burden of persuasion remains with the Government, the

presumption, even if rebutted by a defendant, remains a permissible consideration along with the

other § 3142(g) factors.  Id.  In making a determination as to whether a defendant overcomes the

presumption under § 3142, the Court must consider the following: (1) the nature and

circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the

history and characteristics of the person, and (4) the nature and seriousness of the danger to any

person or the community that would be posed by a release.  18 U.S.C. § 3142(g)

### III. Analysis

At the hearing, the Government summarized the results of the searches of Defendant's

residence and a storage unit rented in his name.  The Government also summarized Defendant's

criminal history and his behavior while on supervised release.  The Court had also previously

reviewed the affidavit in support of the criminal complaint and the affidavit in support of the

search of Defendant's residence.  Not only was the Government's proffer undisputed, Defendant

failed to present *any* evidence or argument concerning the § 3142 factors and chose to rest on his

motion.  Defendant's motion, however, did not include any relevant information relating to the

§ 3142 factors.

### A.  The Instant Offense

#### 1.  The Presumption

Defendant is charged is a six-count indictment with violations of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B), (b)(1)(C), § 846, and 18 U.S.C. § 922(g)(1).  It is undisputed that Defendant is charged

with a drug trafficking offense carrying a maximum prison term of ten years or more – triggering

the rebuttable presumption under 18 U.S.C. 3142(e) that no bail condition(s) would reasonably

assure the appearance of Defendant and the safety of the community.  See 18 U.S.C. §

3142(e)(3)(A); United States v. Caissie, No. 13-cr-0025-05-PB, 2013 WL 2154424 (D.N.H. May

16, 2013) (indictment constitutes probable cause that the charge has been committed and that

defendant committed it and since the drug offense charged had a maximum term of

imprisonment of ten years or more, the rebuttable presumption was triggered).  "To rebut the

presumption, the defendant must produce 'some evidence' to the contrary . . . ." United States v.

Perez-Lugo, ___ F. Supp. 2d ___, 2013 WL 5817654, at *1 (D.P.R. Oct. 10, 2013).  As noted

above, however, Defendant did not present *any* relevant evidence or argument at the hearing.

2. Nature and Circumstance of the Offenses Charged

On July 18, 2013, law enforcement agencies executed a search warrant at Defendant's

residence where Defendant lived with his wife and minor children.  At the time of the execution

of the search warrant, Defendant was located in the master bedroom.  During the search of the

master bedroom, law enforcement personnel located, among other things, approximately 100

grams of crack cocaine, a firearm, ammunition, a digital scale, and approximately $3,700.[3]

During the search, law enforcement personnel also discovered a key to a storage unit

rented in the name of Defendant and Defendant's mother-in-law.  A search warrant was obtained

for the storage unit.  Investigators located the following items inside the storage unit: a firearm,

---

[3]Prior to the search of Defendant's residence, law enforcement personnel executed two controlled purchases of cocaine: one purchase from Defendant and one purchase from Defendant's wife, a co-Defendant in this case.

hollow point ammunition, approximately 200 grams of cocaine, digital scales, plastic bags consistent with packaging narcotics, and a safe containing approximately $90,000.  Both firearms were discovered in proximity to the narcotics.  Defendant was on supervised release for a federal drug trafficking crime when he was arrested for the instant offense.  See United States v. Graham, No. 13-CR-101-ML (D.R.I. 2013).

### 3. Weight of Evidence Against Defendant

This is a serious case involving drug trafficking and firearms.  The weight of the evidence against Defendant is substantial and the likelihood of conviction is great.  This matter involves a significant quantity of narcotics, narcotics paraphernalia, firearms, and cash.  Defendant was located in the room where much of the evidence was discovered.  The matter also involves the possession of firearms by a convicted felon.

### 4.  History and Characteristics of Defendant

At the hearing, the Government proffered that Defendant had prior federal and state convictions for distribution of narcotics.  As noted, Defendant was on supervised release, after serving a lengthy period of incarceration for a federal conviction on a similar charge, when he was arrested for the current offense.  Furthermore, the Government also represented that while on supervised release, Defendant has not only failed a drug test but also broke an ankle bracelet used to monitor his supervision.  Defendant's behavior shows that he has participated in this type of unlawful behavior in the past, is not trustworthy, and has little respect for Court imposed conditions.  The Court has no confidence that Defendant will abide by any bail conditions.

### 5.  Nature and Seriousness of the Danger to the Community

The combination of the controlled purchases, quantity of cocaine, firearms, ammunition,

and drug paraphernalia associated with the instant offense clearly show that Defendant is a danger to the community. The fact that Defendant chose to keep illicit items in close proximity to young children magnifies Defendant's arrogance and dangerousness. Furthermore, the presence of the large quantity of cash indicates Defendant's ability to flee.

### 6. Weighing the § 3142 Factors

The Court's decision to deny bail was not, in any manner, a close call. After weighing the evidence and balancing the § 3142 factors, it is pellucid, even without the benefit of the presumption, that the Government easily met its burden of proof with respect to danger and risk of flight. Thus, there are no conditions or combination of conditions of release that will reasonably assure the safety of the community and Defendant's appearance for future Court proceedings.

### B. The Violation of Supervised Release – CR-13-101-ML

The allegations underlying the instant offense are also the basis of the violation of supervised release in CR-13-101-ML. Based on that violation, in order to detain Defendant, the Court need only find by clear and convincing evidence that Defendant poses a danger to the community or a flight risk. See Fed. R. Crim. P. 32.1(a)(6) (in a violation for supervised release, burden of establishing, by clear and convincing evidence, that individual does not pose danger or risk of flight rests with Defendant); see also 18 U.S.C. § 3143(a)(1); United States v. Blair, 06-CR-208A, 2009 WL 3672064 (W.D.N.Y. Oct. 29, 2009); United States v. Mincey, 482 F. Supp. 2d 161 (D. Mass. 2007). Based on the reasons noted above, the Court finds both danger and flight risk.

## IV.  Is the Appeal Taken in Good Faith?

Defendant has not provided the Court with *any* information concerning what claim(s) he intends to argue on appeal.  Defendant presents no cognizable legal theories or meritorious factual allegations concerning the § 3142 factors.  See generally Lyons, 2010 WL 5562620 (an appeal is frivolous when it is based on an indisputably meritless legal theory or factual allegations that are clearly baseless).  Defendant has failed to provide any reason to conclude that there is a legitimate ground for appeal; thus Defendant's appeal is frivolous and not taken in good faith.  See generally Natasha, Inc. v. Evita Marine Charters, Inc., 763 F.2d 468, 472 (1st Cir. 1985) (an "appeal is frivolous when the result is obvious, or the arguments are wholly without merit") (internal quotation marks and citation omitted); see also United States v. Illas-Pellot, 215 F.3d 1312 (1st Cir. 2000) (per curiam) (unpublished) (First Circuit affirmed district court's denial of bail where the statutory presumption was invoked, defendant was charged with a serious drug crime allegedly committed while he was on probation for another offense, Government proffered some evidence about its case, and defendant failed to counter the showing that he posed a risk of flight and a danger to the community).

## V.  Conclusion

Defendant's motion is denied.  This Court certifies that Defendant's appeal is not taken in good faith.

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
February 5 , 2014

7