## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) ) ) ) | |
| v. | ) ) | C.R. No. 13-132-MSM -LDA |
| DAMON GRAHAM, Defendant. | ) ) ) ) | |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

## I.    INTRODUCTION

Defendant Damon Graham ("Graham"), who is serving a 186-month prison sentence, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as recently amended by the First Step Act (FSA), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).  (ECF Nos 125 & 145.)  Section 18 U.S.C. 3582(c)(1)(A) permits courts to reduce a term of imprisonment, once administrative remedies are exhausted, if it finds that "extraordinary and compelling reasons warrant such a reduction."  *See* 18 U.S.C. § 3582(c)(1)(A).  The government does not dispute that Mr. Graham has exhausted his administrative remedies.  The Court must therefore review his motion to determine whether extraordinary and compelling reasons exist to warrant a sentence reduction and, if so, if such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A). "Put another way, the district court must find that the defendant's situation

constitutes the type of 'extreme hardship' that the compassionate-release statute is designed to ameliorate." *United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021) (quoting *United States v. Havener*, 905 F.2d 3, 6 (1st Cir. 1990)).  Finally, "the district court must consider any applicable section 3553(a) factors and 'determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022) (quoting *Saccoccia*, 10 F.4th at 4 (alteration in original).

For the reasons state below, the Defendant's motion is DENIED.

## I.   BACKGROUND

After entering a plea of guilty Mr. Graham was sentenced, on October 17, 2014, to a total of 186 months for charges of possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g).  The judgment was affirmed by the First Circuit Court of Appeals on October 28, 2015.  Thereafter Mr. Graham filed,  pursuant to 28 U.S.C. § 2255, a Motion to vacate his conviction and sentence and a motion for compassionate release in June of 2020, both of which were denied.  This is Mr. Graham's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.    DISCUSSION

18 U.S.C. § 3582(c)(1)(A)(i), vests this Court with the authority to modify a sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." "[O]nce a defendant shows that he has exhausted the Bureau of Prisons' administrative process for compassionate release, or thirty days have lapsed without a decision, whichever occurs first, a district court may reduce a defendant's term of imprisonment provided the court determines: (1) extraordinary and compelling reason warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) favor release." *United States v. Saad*, No. 16-cr-00035-JJM, 2022 WL 35806, *1 (D.R.I. Jan. 4, 2022) (internal citations omitted). The statute itself does not define "extraordinary and compelling reasons" that justify a sentence reduction or modification; therefore, any information the court finds relevant may be considered, with the explicit exception of that related only to rehabilitation. *United States v. Ruvalcaba*, 26 F.4th 14, 25 (1st Cir. 2022). "[U]ntil the Sentencing Commission speaks, the only limitation on what can be considered an extraordinary and compelling reason to grant a prisoner initiated motion is rehabilitation." *United States v. Trenkler*, 47 F.4th 42, 48 (1st. Cir. 2022).

After his previous motion for compassionate release was denied, the Bureau of Prisons released Mr. Graham to a Residential Reentry Center to complete his sentence. In his bare bones motion Mr. Graham cites his difficulty in securing desirable employment while in the halfway house and argues that he is being forced

to "accept less desirable employment with lower pay rates" because of the Bureau of Prisons requirements for employers. In the court's view, while a diminution of employment opportunities, though still available, is clearly a detriment to him, it is not an "extraordinary and compelling" reason that would justify compassionate release.

Mr. Graham also appears to be asking that the court consider his rehabilitation; "[r]ehabilitation can not (sic) itself be a reason to modify a sentence but taken into consideration with other factors can justify a reduction if warranted." This statement, unaccompanied by any evidence of rehabilitation is not sufficient to constitute even a partial basis for a finding of extraordinary and compelling reasons justifying a sentence reduction.

To determine if the circumstances in any given case are extraordinary and compelling, the Court relies on the plain meaning of the words. *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st. Cir. 2021).

> The plain meaning of "extraordinary" suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree. See Webster's Third New International Dictionary of the English Language Unabridged 807 (1981) (defining "extraordinary" as "going beyond what is usual, regular, common, or customary"); see also United States v. Hunter, 12 F.4th 555, 562 (6th Cir. 2021) (suggesting that such reason must be "most unusual," "far from common," or "hav[e] little or no precedent"). By the same token, the plain meaning of "compelling" suggests that a qualifying reason must be a reason that is both powerful and convincing. See Webster's Third, supra at 462 (defining "compelling" as "forcing, impelling, [or] driving [circumstance]" and as "tending to convince or convert by or as if by forcefulness of evidence"); see also Hunter, 12 F.4th at 562.

*Canales-Ramos*, 19 F.4th at 566-67. Mr. Graham has not presented any

circumstances that could fairly be deemed to be extraordinary and compelling.

The Court, having found that extraordinary and compelling circumstances do not exist, is not required to go further in its analysis.  However, mindful of the First Circuit's admonition that its job is made easier when "the district court takes the additional step of making a section 3553(a) determination" a review of the sentencing factors at this point is appropriate.  *United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022).

In this case, consideration of the 3553(a) factors also suggests that a reduction in his sentence would be inappropriate for Mr. Graham at this time.  The instant offense involved the trafficking of  cocaine and the possession of a firearm.  This conduct followed at least two prior convictions for offenses involving the distribution of narcotics.  One of his previous convictions netted him a sentence of 120 months imprisonment and the offenses in this case occurred while he was serving a five-year term of supervised release on that case.  When she sentenced him in 2014, the sentencing judge considered the need to shut down Mr. Graham's drug trafficking operation as well as to keep the community safe from drugs and guns.  (ECF No. 131, p. 16.)  The government is correct that a reduction of almost four years in the length of his sentence would undermine the goals of punishment, protection of the public and deterrence that underlay the sentence.

For these reasons Mr. Graham's Motion for Compassionate Release (ECF No. 187) is DENIED.  His Motion to Appoint Counsel (ECF No. 188) is DENIED as moot.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

October 27, 2022